UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COWAN PLASTICS, LLC and,<br>AMERICAN ASSEMBLY, LLC<br>Plaintiffs, | : | |
| V. | : | C.A. No. 06-32/S |
| MACK MOLDING COMPANY<br>Defendant. | : | JURY TRIAL CLAIMED |

## ANSWER

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Mack Molding Company hereby answers Plaintiff's Complaint.

## I. INTRODUCTION

Defendant neither admits nor denies the allegations set forth in this unnumbered paragraph and leaves Plaintiff to their burden of proof.

## II. PARTIES AND JURISDICTION

1. Admitted, upon information and belief.

2. Defendant admits, upon information and belief, the allegations contained in the first sentence of this paragraph. Defendant denies the allegations contained in the second sentence of this paragraph.

3. Admitted.

4. Denied.

## III. BACKGROUND

### A. Cowan's and AA's Manufacture and Assembly of Mosquito Magnet® Units for American Biophysics Corp.

5. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

6. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof. Additionally, the "Transition Agreement" document speaks for itself.

7. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof. Additionally, the "First Amendment" document speaks for itself.

8. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof. Additionally, the "Second Amendment" document speaks for itself.

9. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof. Additionally, the "Third Amendment" document speaks for itself.

10. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof. Additionally, the "ABC Contract" documents speak for themselves.

11. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

12. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

13. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

14. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

15. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

**B. The Involvement of Mack Molding Company**

16. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

17. Defendant admits that it was contacted by a representative of DWQ Associates, Ltd. ("DWQ") in or around December 2004. Defendant also admits that, at DWQ's request, Defendant's President executed the Confidentiality Agreement attached to the Complaint at Exhibit 2. Defendant neither admits nor denies the remaining allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

18. Defendant neither admits nor denies the allegations contained in this paragraph because the Confidentiality Agreement speaks for itself.

19. Defendant admits that it received a document from Plaintiff Cowan Plastics LLC ("Cowan") which was purportedly confidential at some point in December 2004. Defendant also admits that its President had a further discussion or discussions with DWQ's representative and Cowan's President. The subject of the conversation or conversations involved whether Defendant would be interested in acquiring Plaintiffs. Defendant neither admits nor denies the remaining allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

20. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

21. Defendant admits that its President spoke with Cowan's President in December 2004. Defendant neither admits nor denies the remaining allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

22. Defendant admits that in January 2005, it made a non-binding offer to acquire Plaintiffs, Plaintiffs rejected the non-binding offer, and that Defendant made no further offer. Defendant neither admits nor denies the remaining allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

23. Defendant neither admits nor denies the allegations contained in this paragraph because the Confidentiality Agreement speaks for itself.

C. **Suit by ABC**

24. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

25. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

26. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

27. Denied.

D. **Cowan's Notice to Defendant and Defendant's Response**

28. Defendant neither admits nor denies the allegations contained in this paragraph because the document speaks for itself.

29. Defendant neither admits nor denies the allegations contained in this paragraph because the document speaks for itself.

30. Denied.

31. Defendant neither admits nor denies the allegations contained in this paragraph because the document speaks for itself.

32. Denied.

33. Denied.

**COUNT I**
**(Breach of Contract - Confidentiality Agreement - Injunctive Relief)**

34. Defendant incorporates by reference its responses to paragraphs 1-33 above.

35. Defendant neither admits nor denies the allegations contained in this paragraph because the document speaks for itself.

36. Denied.

37. Denied.

**COUNT II**
**(Breach of Contract - Confidentiality Agreement)**

38. Defendant incorporates by reference its responses to paragraphs 1-37 above.

39. Defendant admits that it signed the Confidentiality Agreement and has always complied with it. Defendant neither admits nor denies the remaining allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

40. Denied.

**COUNT III**
**(Tortious Interference With Contractual Relations)**

41. Defendant incorporates by reference its responses to paragraphs 1-40 above.

42. Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

43. Denied.

44. Denied.

45. Denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims against Defendant are barred by the doctrine of unclean hands.

2. Any damage suffered by Plaintiff was the result of acts and omissions of Plaintiff and not the result of acts or omissions of Defendant.

3. Plaintiff has no statutory, contractual, or other right to recoup its costs and/or attorneys fees in brining this action.

4. Plaintiff's claims are barred because Plaintiff's conduct has been inequitable.

5. Plaintiff's claims are barred because Plaintiff has not acted in good faith.

6. Defendant's actions were not the proximate cause of the alleged damages, if any, sustained by Plaintiff.

7. Plaintiff's claims are barred for the failure to state a claim for which relief may be granted.

WHEREFORE, Defendant requests that Plaintiffs' Complaint be dismissed against Defendant and this Court award Defendant its costs as well as attorneys fees pursuant to R.I.G.L. § 9-1-45.

**DEFENDANT CLAIMS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

Defendant,
Mack Molding Company,
By its Attorney,

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated: January 23, 2006

CERTIFICATE OF SERVICE

I hereby certify that I mailed a copy of the within Answer to Richard W. MacAdams, Esq., MacAdams & Wieck Incorporated, 101 Dyer Street, Suite 400, Providence, RI 02903, on this 23rd day of January, 2006.